UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:13-cr-00021-MOC-DLH

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BARRY HOWARD LANDRETH,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the court on defendant's Motion for Return of Seized Property. In that motion, defendant seeks return of a number of electronic devices and periphery storage devices.

Inasmuch as defendant was charged with and convicted of fraud involving, among other things, the creation of fictitious court documents, it is most likely that the electronic devices as to which defendant seeks return: (1) amounted to property that facilitated or was used in his counts of conviction as provided in 18 U.S.C. § 982; and (2) were forfeited as instrumentalities of the offense based on the Plea Agreement and this court's oral Order at sentencing providing for forfeiture of defendant's interest in "any property identified by the United States." Sent. Trans. (#41) at 86. (The Preliminary Order of Forfeiture (#22), while dealing with *asset* forfeiture, has no electronic items listed.)

The court, having reviewed the plea agreement, factual basis, and sentencing transcript cannot specifically cite to the point in the record that such devices were identified as seized as either assets of evidence or as instrumentalities of the offense. A brief response from the government is, therefore, necessary to resolve this motion.

# ORDER

**IT IS, THEREFORE, ORDERED** that within 30 days the government file its Response to defendant's Motion for Return of Seized Property (#43).

Signed: November 5, 2015

Max O. Cogburn Jr
United States District Judge